UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SHARMAN MCGILBERT, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-10-514 |
| | § | |
| SAFECO INSURANCE COMPANY | § | |
| OF INDIANA *et al.*, | § | |
| | § | |
| *Defendants*. | § | |

### MEMORANDUM AND ORDER

Pending before the court is plaintiff's motion to remand. Dkt. 7. After considering the parties' arguments and the applicable law, the motion is GRANTED for the reasons set forth below. This case is, therefore, REMANDED to the 11th Judicial District Court of Harris County, Texas.

### BACKGROUND

Plaintiff Sharman McGilbert owned a home located at 11811 S. Little John Circle, Houston, Texas, 77071 (the "Property"). Dkt. 1, Ex. A. The property was insured by defendant Safeco Insurance Company of Indiana ("Safeco"). *Id.* On September 13, 2008, McGilbert sustained damage to the property when Hurricane Ike hit Harris County; McGilbert thereafter filed a claim with Safeco. *Id.* Defendants Odette Goer and Gary Waddell were the insurer adjusters assigned to the claim. *Id.*

McGilbert brought suit against Safeco, Goer, and Davis on January 4, 2010 in the 11th Judicial District Court of Harris County, Texas. Dkt. 1. McGilbert alleged multiple causes of action against the defendants, including breach of contract, breach of good faith and fair dealing, common law fraud, violations of Texas Insurance Code Chapters 541 and 542, and violations of the Texas Deceptive Trade Practices Act. Dkt. 1, Ex. A, ¶¶ 17–31. The parties are not completely diverse

because both McGilbert and Goer are residents of Texas. Dkt. 1, Ex. A. Safeco filed a notice of removal, however, on the grounds that Goer was improperly joined.[1] Dkt. 1. McGilbert filed a motion to remand on March 19, 2010, claiming that Goer was joined properly to the case. Dkt. 7. There is no dispute that if Goer were not a party to the case, diversity jurisdiction would be proper.

## ANALYSIS

Defendant Safeco alleges that Goer was joined improperly, and therefore her citizenship should be ignored for diversity purposes. Dkt. 1. In contrast, McGilbert argues that Goer is a valid defendant with causes of action against her that are recognized by Texas courts. Dkt. 7.

*1.     The Law*

To establish subject-matter jurisdiction predicated on diversity, complete diversity of citizenship must exist among the parties, and the amount in controversy must exceed $75,000.00. 28 U.S.C. § 1332. A case may be removed despite a non-diverse defendant if that defendant was improperly joined, meaning the defendant was named improperly for the purpose of destroying diversity. *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 542 (5th Cir. 2004). As the removing parties, defendants bear the heavy burden of demonstrating improper joinder. *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003). "Merely to traverse the allegations upon which the liability of the resident defendant is rested, or to apply the epithet '[improper]' to the joinder, will not suffice: the showing must be such as compels the conclusion that the joinder is without right." *Chesapeake & O.R. Co. v. Cockrell*, 232 U.S. 146, 152, 34 S. Ct. 278 (1914); *see also Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 574 (5th Cir. 2004).

---

[1] In its notice of removal, Safeco also argues that defendant Gary Waddell is improperly joined. Waddell, however, is a resident of California. Dkt. 1. Therefore, the court need not address the issue of Waddell's allegedly improper joinder for purposes of this motion to remand; even if were determined that Waddell is properly joined, it would have no bearing on the motion to remand.

2

Defendants can establish improper joinder in either of two ways: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood*, 385 F.3d at 573 (quoting *Travis*, 326 F.3d at 646–47). Because the parties do not dispute the accuracy of the jurisdictional facts, the latter is the proper inquiry. The court should not focus on the *probability* that the plaintiff will prevail on the merits against the non-diverse defendant. Rather, the court seeks only a reasonable *possibility* of recovery against the non-diverse defendant. *See Burden v. General Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995). "If no reasonable basis of recovery exists, a conclusion can be drawn that the plaintiff's decision to join the local defendant was indeed [improper], *unless* that showing compels dismissal of *all defendants*." *McDonal v. Abbott Labs.*, 408 F.3d 177, 183 (5th Cir. 2005) (emphasis in original). In the present case, the appropriate inquiry is whether McGilbert has alleged sufficient facts to support any of the claims against Goer. If McGilbert has failed to state a valid claim against Goer, then the court must apply the "common defense" rule to determine whether the insufficiency likewise disposes of all defendants. If so, remand is proper. *McDonal*, 408 F.3d at 183; *Smallwood*, 385 F.3d at 574.

The Fifth Circuit, in *Smallwood v. Illinois Central Railroad Co.*, endorsed a Rule 12(b)(6)-type inquiry as the preferred method of determining whether joinder is proper. *Smallwood*, 385 F.3d at 573. Under the Rule 12(b)(6)-type inquiry, "a complaint requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Jamarillo v. City of McAllen, Texas*, 306 Fed. Appx. 140, 143 (5th Cir. 2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007)) (internal quotations omitted). "Factual

allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true . . . ." *Id.*

The *Smallwood* court further acknowledged that in some cases discrete facts will be missing from the plaintiff's pleading, thus making a summary inquiry useful. *Id.* In these cases, the court, at its discretion, may pierce the pleadings and conduct a summary judgment-type inquiry. *Id.*; *Hornbuckle*, 385 F.3d at 542 (citing *Keating v. Shell Chemical Co.*, 610 F.2d 328, 333 (5th Cir. 1980)). Thus, the inquiry no longer centers on the plaintiff's state court petition, but rather on the record as a whole and summary judgment evidence offered by the parties. *Id.* "All disputed issues of fact and any ambiguities of state law must be resolved in the [plaintiff's] favor." *Smith v. Petsmart, Inc.*, No. 06-60497, 2008 WL 2062257, at *2 (S.D. Tex. May 15, 2008) (citing *Travis*, 326 F.3d at 649).

Safeco contends that Goer was improperly joined in this case because: (1) it does not appear that McGilbert intends to pursue the claims against Goer; and (2) the state court petition fails to allege sufficient facts against Goer. Dkt. 9.

*2.     McGilbert's Intent to Pursue Claims Against Goer*

Safeco argues that McGilbert does not intend to pursue its claims against Goer as evidenced by the fact that she has not yet served Goer. Dkt. 9 at 4. In response, McGilbert asserts that the Harris County website shows she requested citation on January 6, 2010, and she has in fact attempted to serve Goer on five separate occasions between January 26, 2010 and March 6, 2010. Dkt. 10 at 1. This demonstrates, McGilbert contends, that she intends to pursue her claims against Goer.

In *Griggs v. State Farm Lloyds*, the Fifth Circuit took into account the fact that the plaintiff had not effected service in determining that a defendant insurance adjuster had been improperly

4

joined. 181 F.3d 694, 699 (5th Cir. 1999). In that case, the plaintiff did not make any attempt to serve the adjuster. *Id.* The plaintiff initially claimed this was because he had difficulty achieving service of process, but later abandoned this assertion when the insurance company was able to show that the adjuster had been working out of the same office for the last twelve years and the plaintiff had even visited the adjuster at that same office. *Id.* As a result, the court noted that the "record does not support any inference that [the plaintiff] intended to actively pursue claims against [the adjuster]." In the present case, however, McGilbert has made five attempts to serve Goer. Simply because McGilbert has been unsuccessful in serving Goer does not mean that she lacks the intent to pursue her claims.

### 3. *McGilbert's Claims Against Goer*

Safeco also argues that McGilbert's complaint fails to allege sufficient facts against Goer to demonstrate that a Texas court would allow recovery. Dkt. 9. First, the complaint merely recites statutory language in support of the claims against Goer. *Id.* at 6. Second, the complaint does not allege specific, individual actions attributable to Goer. *Id.* at 8. And third, McGilbert offers no additional evidence to support the allegations made in the complaint against Goer. Dkt. 11 at 3. McGilbert, however, contends that the complaint is sufficient to show a valid cause of action against Goer. Dkt. 7. Specifically, the complaint alleges:

> Defendant Goer and Defendant Waddell were adjusters assigned by Defendant Safeco to adjust the Claim, and were charged with investigating the Claim and communicating with the insured about Policy terms.
>
> . . .
>
> Defendant Goer and Defendant Waddell conducted an inspection of the Property. During the inspection, Defendant Goer and Defendant Waddell were tasked with the responsibility of conducting a thorough and reasonable investigation of Plaintiff's Claim, including fully quantifying the damage done to the Plaintiff's

5

> home and Plaintiff's personal property.  Subsequent to the inspection, Defendant Goer and Defendant Waddell issued a damage estimate that failed to fully quantify the damage done to the Property, thus demonstrating that they did not conduct a thorough investigation of the Claim.  Defendant Goer and Defendant Waddell failed to fairly evaluate and adjust Plaintiff's Claim as they are obligated to do under the terms of the Policy and Texas law.  By failing to properly investigate the Claim and by issuing a grossly undervalued damage estimate, Defendant Goer and Defendant Waddell engaged in unfair settlement practices by misrepresenting material facts to Plaintiff—the true value of Plaintiff's covered loss.  Defendant Goer and Defendant Waddell also failed to provide Plaintiff a reasonable explanation as to why Defendant Safeco was not compensating Plaintiff for the full value of Plaintiff's covered losses.

Dkt 1., Ex. A ¶¶ 21–22.

The court finds McGilbert has pled sufficient facts against Goer to establish a reasonable possibility of recovery.  Unlike the complaint in *Lakewood Chiropractic Clinic v. Travelers Lloyds Insurance Co.*, cited by defendants, McGilbert's complaint alleges more than a mere recitation of the Texas Insurance Code.  2009 WL 3602043 (S.D. Tex. Oct. 27, 2009).  Rather, McGilbert states that Goer and Waddell inspected her property and issued a damage estimate.  Additionally, the complaint differentiates the acts of the adjusters and Safeco, thus distinguishing this case from *Frisby v. Lumberman's Mutual Casualty Co.* cited by defendants. 2007 WL 2300331 (S.D. Tex. Feb 20, 2007) (only factual allegation against adjuster was that "La Fleur and Lumberman's denied timely payment for six months from the date of the benefits agreement. . . .").  Lastly, defendants confuse the inquiry required by the Fifth Circuit in considering removal based on improper joinder.  They argue that McGilbert "must come forward with summary judgment type evidence to support a motion to remand when a Defendant has alleged improper joinder." Dkt. 11 at 3.  However, the preferred inquiry is a 12(b)(6)-type inquiry:

> A court may resolve the issue in one of two ways. The court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state

>  defendant. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder. That said, there are cases, hopefully few in number, in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder. In such cases, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry.

*Smallwood,* 385 F.3d at 573. Thus, only if the complaint lacks sufficient facts to demonstrate a reasonable possibility of recovery should the court look to summary judgment type evidence. Having found McGilbert's complaint states sufficient facts, this inquiry is not appropriate.

## CONCLUSION

The court finds that Goer is properly joined as a defendant and, therefore, plaintiff's motion to remand is GRANTED. This case is, therefore, REMANDED to the 11th Judicial District Court of Harris County, Texas.

It is so ORDERED.

Signed at Houston, Texas on April 22, 2010.

_____
Gray H. Miller
United States District Judge

TO ENSURE PROPER NOTICE, EACH PARTY RECEIVING THIS ORDER SHALL
FORWARD IT TO EVERY OTHER PARTY AND AFFECTED NONPARTY